**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **CHARLEY SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **No. 2:20CV187-PPS/JPK** |
| ) | |
| **TRADEBE ENVIRONMENTAL,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Charley Smith brought this action pro se against his former employer Tradebe

Environmental alleging race discrimination in employment.  The complaint alleges that

Smith was the victim of racially-motivated employee discipline.  [DE 1 at 2-3.]  The

Charge of Discrimination Smith filed with the EEOC is attached to the complaint, and

references his termination as well as discipline, both alleged to be based on Smith's

race.[1]  [DE 1 at 6.]  Tradebe has filed a motion to dismiss, to which Smith has failed to

timely respond.  I am persuaded that the case must be dismissed because Smith has not

complied with the statutory time limit on the filing of his claim.

Title VII of the Civil Rights Act of 1964 provides for claims of race discrimination

in employment such as Smith's here, and requires that the claim must first be brought

before the Equal Employment Opportunity Commission for investigation and possible

conciliation.  42 U.S.C. §2000e-5(b).  If the results of the administrative process do not

satisfy the complaining party, a lawsuit may be filed, but there is a statutory time limit

on initiating such a lawsuit.  "A civil action alleging a Title VII violation must be filed

within 90 days of receiving a right-to-sue notice from the EEOC."  *Threadgill v. Moore*

*U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001), citing §2000e-5(f)(1).  Smith has provided

---

[1]   On the court's form Employment Discrimination Complaint, Smith filled in the circle
associated with Age Discrimination rather than race discrimination under Title VII.  [DE 1 at ¶4.]  This
appears simply to have been an error, as the allegations of both the complaint and the underlying EEOC
charge address only race, with no mention of age.

a copy of the right-to-sue notice he received, and it clearly advises him that any lawsuit based on his charge "**must be filed WITHIN 90DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost."  [DE 1 at 8 (emphasis in original).]

Tradebe invokes this limitation in its motion to dismiss, arguing that Smith's complaint was not timely filed.  Smith's right-to-sue notice indicates that it was mailed on January 22, 2020.  [DE 1 at 8.][2]  In ¶7 of the form complaint, Smith gives "1-22-20" as the date he received the notice.  [*Id.*]  Ninety days from January 22 was April 21, 2020. Smith's complaint was filed on May 1, 2020.  "The law presumes timely delivery of a properly addressed piece of mail."  *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001).  Even if I assume that Smith was mistaken in contending he received the notice on the same date as it issued and that instead it took some days to reach him by mail, a conclusion that he did not receive it for 9 days is unsupported, particularly in the absence of any opposition by Smith offering an explanation contrary to his complaint's own representation.  *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("courts have presumed various receipt dates ranging from three to seven days after the letter was mailed").

Equitable tolling can extend the filing time in rare instances, such as for "a good faith error," or when the plaintiff "has been prevented in some extraordinary way from filing his complaint on time," but there is no showing of any such circumstance here. *Threadgill*, 269 F.3d at 850, quoting *Jones v. Madison Service Corp.*, 44 F.2d 1309, 1314 (7th Cir. 1984).  Because Smith's complaint was not timely filed after his receipt of the right-to-sue notice, the lawsuit is time-barred and must be dismissed with prejudice.  As regrettable as the dismissal is for Smith, the Supreme Court has reminded the lower courts that "[p]rocedural requirements established by Congress for gaining access to the

---

[2]  In ¶6 of the form complaint, Smith has entered the wrong date for the Notice of Right to Sue ("4-22-20") but the attached Notice speaks for itself and shows the date in January, not April.

federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

**ACCORDINGLY:**

Defendant Tradebe Environmental's Motion to Dismiss [DE 12] is GRANTED.

Defendant Tradebe Environmental's Motion to Stay Proceedings Pending Ruling on Motion to Dismiss [DE 14] is DENIED AS MOOT.

The Clerk shall enter judgment against plaintiff Charley Smith and in favor of defendant Tradebe Environmental dismissing the action with prejudice as untimely filed under 42 U.S.C. §2000e-5(f)(1).

**SO ORDERED.**

**ENTERED: July 29, 2020.**

                         **/s/   Philip P. Simon**
                    **UNITED STATES DISTRICT JUDGE**